# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA B. BRADDY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 15-CV-1019-W-DGK |
| ) | (Crim. No. 14-CR-0002-W-DGK-3) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant Joshua B. Braddy ("Braddy") pled guilty to possessing a firearm as a felon. Now before the Court is his amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 7). He argues that in light of a recent Supreme Court case interpreting the Armed Career Criminal Act ("ACCA"), his sentence should not have been enhanced under the U.S. Sentencing Guidelines and should now be vacated.

As explained below, recent ACCA jurisprudence affords Braddy no relief. The Court DENIES the motion and DENIES a certificate of appealability. The Court also DENIES Braddy's motion (Doc. 13) to stay this case pending the Supreme Court's disposition of *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015) (per curiam), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016).

### Background

Braddy pled guilty pursuant to a plea agreement to one count of conspiracy to distribute a detectable amount of heroin, the maximum sentence for which is twenty years. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Part of his plea agreement read,

### 15. <u>Waiver of Appellate and Post-Conviction Rights.</u>

. . .

>b. *The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of* (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or *(3) an illegal sentence. An "illegal sentence"* includes a sentence imposed in excess of the statutory maximum, but *does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines*, an abuse of discretion, or the imposition of an unreasonable sentence.

Plea Agreement ¶ 15 (Crim. Doc. 62) (emphasis added).

At his change of plea hearing, the Court asked Braddy several questions to ensure that he understood the plea agreement's provisions, including the waiver:

>THE COURT: Did you sign this [plea agreement] to indicate to me that you've read it and you've understood everything in it?
>
>THE DEFENDANT: Yes.
>
>. . .
>
>THE COURT: Now, if you would, sir, please turn to paragraph 15. Mr. Braddy, in every plea agreement there are things that benefit you and there are things that benefit the government; right? It's kind of a give and take. This . . . paragraph 15 represents something that you're giving up that benefits the government. And we—I see these in all the plea agreements, by the way. This is a typical part of plea agreements with the government. You're waiving your right to appeal this case or file any post-conviction motions, even though you don't have—know your sentence yet. You're waiving your right in all respects except for three, which you can't waive: prosecutorial misconduct, ineffective assistance of counsel, and illegal sentence. But in all other respects you're saying, "Judge," excuse me, "I waive my right to file an appeal, I waive my right to file a post-conviction motion." Do you understand that?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you wish to waive those rights?
>
>THE DEFENDANT: Yes.

Tr. of Change of Plea Hrg. 13, 15–16 (Crim. Doc. 117).

2

Braddy and the Court then generally discussed whether he had had enough time to consider whether to take the plea agreement:

> THE COURT: Has [your attorney] spent sufficient time with you to talk to you about your case, your options, your plea, your defenses?
>
> THE DEFENDANT: Yeah. Yes.

(*Id.* at 6). Based on these and other representations by Braddy, the Court found that his plea was knowing and voluntary. (*Id.* at 20).

At Braddy's sentencing, the Court considered three prior felony convictions of his: two Missouri convictions for resisting arrest by fleeing, and one Missouri conviction for second-degree burglary. The Court found that those prior convictions qualified Braddy for a career offender enhancement under Sentencing Guidelines § 4B1.1(a), which applies if the defendant has two or more prior felony convictions of "either a crime of violence or a controlled substance offense." Accordingly, the Court sentenced him to 100 months' imprisonment. Braddy did not appeal.

## Discussion

Braddy argues that his unlawful use of a weapon conviction no longer qualifies as a "crime of violence," drawing on a recent Supreme Court case holding that a similar part of a different law, the ACCA, was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). As the § 4B1.1(a) enhancement is no longer appropriate, Braddy argues, he was improperly sentenced and merits relief. *See* 28 U.S.C. § 2255(a), (b). Respondent argues that the Supreme Court's ruling applies only to the ACCA statute and not to the advisory Sentencing Guidelines.

The Sentencing Guidelines' susceptibility to a vagueness attack is an open, convoluted question, *e.g.*, *United States v. Ellis*, 815 F.3d 419, 421–22 (8th Cir. 2016), but ultimately the

3

Court can avoid that morass and resolve this case on procedural grounds. Braddy signed a waiver of his collateral rights, which "is enforceable when [1] the claim raised falls within the scope of the waiver, [2] the defendant knowingly and voluntarily entered into the plea agreement and waiver, and [3] enforcement of the waiver would not result in a miscarriage of justice." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

Here, Braddy's claims fall within the scope of the waiver. The plea agreement waives all collateral claims except for three circumstances: ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. The first two of those circumstances are inapposite. The third, illegal sentence, does not apply because the plea agreement specifically says that "a misapplication of the Sentencing Guidelines" is not an "illegal sentence." Therefore, his claims fall under the waiver. *Cf. United States v. Bradford*, 806 F.3d 1151, 1154–55 (8th Cir. 2015) (finding that a claim survived a collateral-rights waiver because the claim was not specifically covered by the waiver's definition of "illegal sentence," unlike "misapplication of the Sentencing Guidelines" here).

Second, Braddy's waiver was knowing and voluntary, because he testified that he had reviewed the plea agreement and understood that he would not be able to file a post-conviction petition on most grounds. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'").

Third, the Court will not miscarry justice if it enforces Braddy's waiver of post-conviction rights. "[E]nforcing an appeal waiver does not result in a miscarriage of justice unless the sentence imposed exceeds the statutory maximum for the offense of conviction." *Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (internal quotation marks

4

omitted).[1]  The Court sentenced Braddy well within its statutory authority: less than eight and a half years in prison out of a possible twenty years.  This sentence therefore is subject to the waiver.

Braddy's waiver is enforceable.  The Court will hold Braddy to his end of the bargain and deny his petition.

Because no reasonable jurist would grant any part of this motion, the Court denies Braddy a certificate of appealability.  *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

Because *Beckles v. United States*, a case before the Supreme Court, does not implicate waiver, it does not affect the Court's analysis in this Order.  Braddy's motion to stay this case pending the Supreme Court's disposition of *Beckles* (Doc. 13) is therefore DENIED.

For the reasons above, Braddy's amended § 2255 motion (Doc. 7) is DENIED.  A certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Date:  July 14, 2016              /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT

---

[1] Citing a Ninth Circuit case—but no Eighth Circuit cases—Braddy urges the Court to adopt a different, more deferential standard for "miscarriage of justice."  Def.'s Reply Br. 2 (Doc. 11) (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)).  Braddy's attorney, citing a Tenth Circuit case—but no Eighth Circuit cases—recently made the same flawed argument in another case before the Court.  *Payne v. United States*, No. 16-CV-262-W-DGK (W.D. Mo. filed Mar. 24, 2016), *appeal docketed*, No. 16-2979 (8th Cir. June 29, 2016).